FILED

2025 OCT 29  AM 10: 29

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

BPD

1  Hugo Moreno
   c/o 2554 Lincoln Blvd #412
2  Venice, CA [90291]
   info@veniceboys.com
3
   *In Propria Persona*
4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10 Hugo Moreno,                          Case No.:

11              Plaintiff,               2:25cv10397 - FWS - (MARx)

12 vs.                                   VERIFIED COMPLAINT AND REQUEST FOR
                                         PRELIMINARY INJUNCTION; EX PARTE
13 Jaime Moreno,                         APPLICATION FOR TEMPORARY RESTRAINING
   Alfredo Maximiliano,                  ORDER, AND SEIZURE ORDER ACTION SEEKING
14 Lawrence Gutin,                       NATIONWIDE RELIEF
   Randolph Bernard Jesus Orozco,
15 VENICE KUSH(4645873),
   VENICEKUSH BRAND LLC(202100611073),
16 VENICEKUSH BRAND(4784444),
   VENICEKUSH COMPANY(4784346),
17 OCEAN BLUE VENTURES, INC (2017929),
   JOHN DOES 1-10,
18

19              Defendants.

20

21

22

23 Plaintiff Hugo Moreno (hereinafter "Plaintiff") brings this Complaint against Jaime Moreno, Alfredo Maximiliano,

24 Lawrence Gutin, Randolph Bernard Jesus Orozco, VENICE KUSH, VENICEKUSH BRAND LLC, VENICEKUSH

25 BRAND, VENICEKUSH COMPANY, OCEAN BLUE VENTURES, INC, and John Does 1-10 (collectively,

26 "Defendants"), and alleges as follows:

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### Introduction

This is a civil action for trademark infringement, false designation of origin, unfair competition, and related unlawful acts arising from Defendants' unauthorized use of the "VeniceKush" name and brand. Plaintiff is the creator and rightful owner of the VeniceKush mark (U.S. Trademark Reg. No. 6,430,744 in Class 25)(Exhibit 1 – U.S. Trademark Registration No. 6,430,744 for 'VeniceKush' – Issued July 27, 2021), which has been used in commerce since at least 2010(Exhibit 02 - Proof of First Use – Website Advertising and Domain Purchase Records for www.VeniceKush.com (September 2010)) in connection with apparel and related merchandise. Defendants – led by Jaime Moreno – have engaged in a scheme to misappropriate the VeniceKush brand, falsely holding out Jaime as the originator and infringing Plaintiff's trademark rights. Plaintiff has been forced to fight Defendants' infringing activities for many years (since at least 2015), and now seeks relief from this Court to stop Defendants' unlawful conduct.

### Jurisdiction and Venue

**Subject Matter Jurisdiction**: This Court has subject matter jurisdiction over the federal claims in this action under 28 U.S.C. §§1331 and 1338(a), as this case arises under the federal trademark laws of the United States (Lanham Act, 15 U.S.C. §1051 et seq.). Specifically, Plaintiff asserts claims for trademark infringement and false designation of origin under the Lanham Act (15 U.S.C. §§1114 and 1125(a)). This Court has supplemental jurisdiction over the related state law claims (including unfair competition and conspiracy) under 28 U.S.C. §1367(a) because those claims form part of the same case or controversy as the federal claims.

**Personal Jurisdiction:** This Court has personal jurisdiction over each of the Defendants because they are all residents of, domiciled in, and/or conduct business in the State of California. The individual Defendants (Jaime, Alfredo, Larry, and Randy) reside in California and have committed the wrongful acts in California. The entity Defendants are California business entities (corporations or LLCs) and have their principal places of business in California. The acts of trademark infringement and unfair competition were targeted at Plaintiff (a California resident) and occurred in this State, including in this District, thereby subjecting Defendants to jurisdiction here.

1     **Venue:** Venue is proper in the United States District Court for the Central District of California pursuant to

2    28 U.S.C. § 1391(b) and (c). A substantial part of the events or omissions giving rise to the claims occurred in this

3    District – notably in Los Angeles County (Venice Beach area) where the VeniceKush store and business are located.

4    The infringement of the VeniceKush mark has been carried out through businesses operating in Venice Beach/Santa

5    Monica (within this District). Moreover, Defendant Jaime Moreno and other individual Defendants reside in this

6    District, and the entity Defendants have their business operations and addresses in this District (e.g., Marina del Rey,

7    Santa Monica). Venue is therefore proper in this Court.

8

9                                **Parties**

10     **Plaintiff Hugo Moreno** is an individual residing in California. Plaintiff is the founder of the VeniceKush

11    brand and the senior user of the VeniceKush mark. Plaintiff (directly) owns U.S. Trademark Registration No.

12    6,430,744 for VENICE KUSH® in International Class 25 for clothing and accessories. Plaintiff has been

13    continuously using the VeniceKush name in commerce and built substantial goodwill in the brand, including

14    operating a VeniceKush retail store in Venice Beach, California, and offering apparel and other merchandise under

15    the VeniceKush mark.

16

17     **Defendant Jaime Moreno** (hereinafter "Jaime") is an individual residing in California (and notably the

18    brother of Plaintiff). Upon information and belief, Jaime is the principal architect of the scheme to hijack the

19    VeniceKush brand. Jaime has purported to be the creator and originator of VeniceKush, despite knowing that the

20    brand and its goodwill belong to Plaintiff (his brother). Jaime is the organizer and agent of Defendant VeniceKush

21    Brand LLC (Exhibit 03 - California SOS Record – VeniceKush Brand LLC (Entity No. 202100611073) listing

22    Jaime Moreno as Agent), which he formed on December 31, 2020 to carry on business under the VeniceKush name.

23    Jaime also does business through other entities using the VeniceKush name, including an entity referred to as

24    VeniceKush Brand (believed to be a d/b/a or related company) and has held himself out as the owner of the

25    VeniceKush business. In prior litigation, Jaime was identified as doing business as LA CBD LLC, American

26    Cannabis Company, Venice Kush, and VeniceKush Brand LLC, underscoring his central role in the unauthorized

27    use of the VeniceKush mark. Jaime's acts described herein were done willfully and with full knowledge of

28    Plaintiff's rights.

**Defendant Alfredo Maximiliano** (hereinafter "Alfredo") is an individual residing in California and a business associate/partner of Jaime. Alfredo has actively assisted Jaime in the VeniceKush enterprise and is effectively Jaime's "right-hand" in carrying out the infringement. Alfredo is an officer, director, and the registered agent of Defendant VENICEKUSH COMPANY, (Exhibit 04 - California SOS Record – VeniceKush Company (Entity No. 4784346) listing Alfredo Maximiliano as Agent) and VENICEKUSH BRAND(Exhibit 05 - California SOS Record – VENICEKUSH BRAND (ENTITY NO. 4784444)). In fact, Alfredo holds the titles of Chief Executive Officer, Chief Financial Officer, Secretary, and Director of VeniceKush Company, and he uses the same Santa Monica address as that company's principal place of business. Alfredo is also the registered agent for a California corporation named Venice Kush (Exhibit 06 - California SOS Record – Venice Kush (Entity No. 4645873) listing Alfredo Maximiliano as Agent), which was incorporated on September 25, 2020. Upon information and belief, Alfredo's Venice Kush corporation and VeniceKush Company are entities created to further the exploitation of the VeniceKush brand without Plaintiff's authorization. Alfredo has been a knowing and active participant in Jaime's unlawful activities, making him a co-conspirator in the infringement scheme.

**Defendant Lawrence Gutin** (hereinafter "Larry") is an individual residing in California and, on information and belief, the principal of Ocean Blue Ventures, Inc. Larry was an early enabler of Jaime's infringing scheme and is a co-conspirator. In 2019, Larry (through Ocean Blue Ventures, Inc.) (Exhibit 07 - California SOS Record – Ocean Blue Ventures, Inc. (Entity No. 2017929) controlled by Larry Gutin) was the lessor/landlord of Plaintiff's VeniceKush retail store located at 1313 Ocean Front Walk, Venice, CA. (Exhibit 08 - Lease Agreement between Hugo Moreno and Ocean Blue Ventures, Inc. for 1313 Ocean Front Walk (June 1, 2018–Sept 30, 2020)) Larry was well aware of Plaintiff's rights in the VeniceKush brand – Plaintiff had spoken with Larry multiple times about Jaime's attempts to usurp the brand. Nevertheless, in or around 2020, Larry abruptly and improperly terminated Plaintiff's lease under false pretenses. Larry sent Plaintiff a letter stating that the building at 1313 Ocean Front Walk had to shut down for earthquake retrofitting, ostensibly requiring Plaintiff to vacate early but with promise of return. This representation was false – no such notice to return occurred. Approximately two months after forcing Plaintiff out(Exhibit 09 - Letter dated September 3, 2018 from Larry Gutin / Ocean Blue Ventures regarding alleged "Earthquake Retrofitting"), Larry allowed Jaime to take over that same store location and sell merchandise with the VeniceKush branding that Larry knew belonged to Plaintiff. By providing the venue and

opportunity for Jaime to trade on Plaintiff's brand, Larry actively facilitated and participated in the infringement. (Notably, in prior litigation records Larry has been identified in connection with Ocean Blue Ventures, Inc., confirming his role as the landlord/business partner in this scheme.) Larry's conduct was intentional, deceitful, and in furtherance of the plan to misappropriate Plaintiff's trademark.

**Defendant Randolph Bernard Jesus Orozco** (hereinafter "Randy") is an individual residing in California and was an early financial backer of Jaime's unauthorized VeniceKush venture. Randy provided funding and investment to Jaime, enabling Jaime to start and expand the infringing operations. Moreover, Randy actively attempted to defend or legitimize Jaime's use of the VeniceKush mark in administrative proceedings. (Exhibit 10 - Letter from Randolph Jesus Bernard Orozco (Randy) responding to Notice of Infringement (January 2020)) Upon information and belief, Randy participated in an administrative dispute or trademark proceeding regarding the VeniceKush name, seeking to justify Defendants' use of the mark. This attempt failed – the administrative proceeding validated the rejection of Randy's position, confirming that Jaime (and those aligned with him) had no legitimate rights to the VeniceKush mark. Randy's involvement demonstrates knowing support of the infringement. Randy has also known the Plaintiff and Jaime since childhood. (Exhibit 11 - Historical Photograph Showing Longstanding Relationship between Hugo Moreno, Randolph Jesus Bernard Orozco and Jaime Moreno) He has financially benefited from and encouraged Jaime's wrongful acts, and is thereby jointly responsible for the resulting trademark violations.

**Defendant VeniceKush Brand LLC** is a California limited liability company (Entity No. 202100611073) (Exhibit 03 - California SOS Record – VeniceKush Brand LLC (Entity No. 202100611073) listing Jaime Moreno as Agent) with its principal address in Marina del Rey, California. This entity was formed by Jaime on December 31, 2020 and is actively being used to operate a business under the VeniceKush name. Jaime Moreno is the registered agent of VeniceKush Brand LLC, and upon information and belief, Jaime is also the managing member or owner. VeniceKush Brand LLC is simply an instrument through which Jaime conducts the infringing business. Its very name includes the entirety of Plaintiff's VeniceKush mark, and it purports to be a "VeniceKush" branded enterprise. Any acts of this LLC were directed by and are attributable to Jaime. VeniceKush Brand LLC is named as a Defendant to ensure full relief can be granted, including any necessary injunctive orders against the company.

**Defendant VeniceKush Company** is a California corporation (Exhibit 04 - California SOS Record – VeniceKush Company (Entity No. 4784346) listing Alfredo Maximiliano as Agent), incorporated on September 1, 2021, with a principal place of business in Santa Monica, California. This entity describes itself as a "HEMP COMPANY" and is one of the business fronts using the VeniceKush name in commerce without Plaintiff's consent. As noted above, Defendant Alfredo Maximiliano is the CEO, CFO, Secretary, Director, and registered agent of VeniceKush Company. On information and belief, VeniceKush Company was established by Jaime and Alfredo as another vehicle to exploit the VeniceKush brand (possibly for selling cannabis-related products under that name). The inclusion of "Company" in the name and Alfredo's dominant role indicate it is effectively an alter ego of the individual Defendants. VeniceKush Company is actively infringing Plaintiff's mark by using VeniceKush in its corporate name and trade name, creating consumer confusion as to source or affiliation.

**Defendant Venice Kush** (entity of unknown form, believed to be a California corporation (Exhibit 06 - California SOS Record – Venice Kush (Entity No. 4645873) listing Alfredo Maximiliano as Agent) is a business entity incorporated on or about September 25, 2020. Its principal address is 1313 7th St. #36, Santa Monica, CA 90401. This entity's name "Venice Kush" is identical to Plaintiff's trademark, and it was incorporated around the time Defendants intensified their efforts to copy Plaintiff's business. Defendant Alfredo Maximiliano is listed as the registered agent for Venice Kush, further linking this entity to the conspiracy. Upon information and belief, Venice Kush (the corporation) is now suspended or inactive in official status (as records indicate it may not be in good standing), but it was used as part of Defendants' scheme and may still be used as a d/b/a or branding vehicle. Plaintiff includes this Defendant to capture any entity by this name that Defendants use to infringe the mark.

**Defendants DOES 1-10** are persons or entities currently unknown to Plaintiff who have participated in, funded, or profited from the unlawful acts alleged herein. This includes, upon information and belief, a new investor or business partner recently backing Jaime's newest location or venture under the VeniceKush name. Plaintiff sent a cease-and-desist letter to the venture believed to involve this new investor, but the true identity of said investor (or any additional silent partners) is not yet known. Plaintiff therefore sues these Defendants under fictitious names and will amend the complaint to allege their true names and capacities when ascertained. Each of the Doe Defendants is

1  responsible in some manner for the acts and omissions described in this Complaint and has contributed to Plaintiff's

2  harm.

3

4  **Factual Background**

5  **Plaintiff's Creation and Ownership of the VeniceKush Brand**

6  **Origin of the Brand:** Plaintiff Hugo Moreno conceived of the VeniceKush brand in the early 2010s as part

7  of his business in Venice Beach, California. The name is a blend of "Venice" (referencing the Venice Beach

8  locality) and "Kush" (a term associated with premium cannabis). Plaintiff began using "VeniceKush" in commerce

9  at least as early as 2010, initially in connection with lifestyle apparel and accessories, and also to refer to a Venice

10 Beach-based collective in the cannabis community. Since cannabis products could not be federally trademarked at

11 that time, Plaintiff focused on building the brand through apparel (such as T-shirts, caps, and merchandise bearing

12 the VeniceKush name and logos) and through a local storefront.

13

14 **VeniceKush Store and Operations:** Plaintiff established a retail store in Venice Beach under the

15 VeniceKush brand name. The store was located at 1313 Ocean Front Walk, Venice, CA – a prominent location on

16 the Venice Beach boardwalk. Plaintiff's VeniceKush store sold branded apparel and related goods, creating strong

17 association among consumers between the name VeniceKush and Plaintiff's products and services. The store also

18 served as a community hub for those interested in cannabis culture under a legal framework (initially as a collective).

19 By virtue of these efforts, Plaintiff developed substantial goodwill in the VeniceKush mark well before any

20 involvement by Defendants.

21

22 **Trademark Rights:** To protect his rights, Plaintiff initially sought a California state trademark but it was

23 rejected. Plaintiff thereafter sought a formal trademark registration of VENICE KUSH for apparel and accessories

24 from the USTPO. On or about August 17, 2021, the United States Patent and Trademark Office granted U.S.

25 Registration No. 6,430,744 for VENICE KUSH® in Class 25 (clothing). This registration is valid, subsisting, and in

26 full force. It confers upon Plaintiff the exclusive right to use the VENICE KUSH mark in commerce on or in

27 connection with the goods listed (clothing), and to prevent others from using confusingly similar marks.

28 Additionally, as a result of continuous use since well before Defendants' actions, Plaintiff also owns strong common

law trademark rights in VeniceKush for apparel and related promotional goods, as well as proprietary business goodwill in the name as used in the cannabis/lifestyle industry. The VeniceKush mark is distinctive and signifies to the public the products and services originating from Plaintiff.

**Recognition of the Mark:** Over the years, Plaintiff's VeniceKush brand has gained recognition in the Venice Beach community and beyond. The brand's unique name and authentic roots made it known among consumers looking for Venice Beach-themed apparel and cannabis lifestyle products. The goodwill associated with VeniceKush is a valuable asset to Plaintiff. Defendants were well aware of Plaintiff's successful development of the brand – indeed, Defendant Jaime Moreno, being Plaintiff's brother, had intimate knowledge of Plaintiff's use and the brand's growing reputation since its inception. (Exhibit 12 - VeniceKush Collective Membership Agreement signed by Jaime Moreno with ID and Physician Statement (September 1, 2014))

### Defendants' Unlawful Acts and Scheme to Misappropriate VeniceKush

**Jaime's Plot to Take Over the Brand:** At some point, Defendant Jaime Moreno decided to unlawfully seize the VeniceKush brand for himself. Despite not being the creator of the brand, Jaime began representing to others that he was the original creator and owner of VeniceKush. Starting around 2015, Jaime took steps to usurp the goodwill of the brand that Plaintiff had built. This included forming business entities using the VeniceKush and selling merchandise with the VeniceKush name, attempting to open stores under that name, and otherwise holding himself out as "Mr. VeniceKush." Jaime did not have permission from Plaintiff to use the mark, and his actions were done in bad faith, with full knowledge that the name belonged to Plaintiff's business. In essence, Jaime sought to cut Plaintiff out and reap the benefits of the VeniceKush brand without any legitimate rights.

**Formation of Infringing Entities:** To give a veneer of legitimacy to his plan, Jaime (often aided by Alfredo) registered multiple business entities incorporating the VeniceKush name:

1. Initially on January 20, 2015, the now defunct Venice Kush(# 3747812) was formed, listing Jaime Moreno as the organizer and registered agent. The LLC's name itself is a direct use of Plaintiff's mark. This entity

was intended to operate a business selling products (including likely apparel or cannabis-related items) under the VeniceKush brand, falsely suggesting it was an official brand company.

2. VENICE KUSH(4645873): On September 25, 2020, a corporation simply named VENICE KUSH was incorporated (with Alfredo as agent). This suggests an even more blatant attempt to register a company exactly matching Plaintiff's trademark. The status of this entity is currently active, but its existence demonstrates Defendants' concerted efforts around that time to legally capture the name.

3. VENICEKUSH BRAND LLC(202100611073): On December 31, 2020, a corporation named VENICEKUSH BRAND LLC was incorporated (with Jaime as agent). This suggests an even more blatant attempt to register a company exactly matching Plaintiff's trademark. The status of this entity is currently active, but its existence demonstrates Defendants' concerted efforts around that time to legally capture the name.

4. VENICEKUSH BRAND(4784444) On September 1, 2021, VENICEKUSH BRAND (a California corporation) was incorporated, with Jaime as the sole listed officer. This corporation's name also features Plaintiff's mark and appears to have been created to pursue a similar business purpose and intent of fraudulently attempting to legally capture Plaintiff's mark.

5. VENICEKUSH COMPANY(4784346) On September 1, 2021, VENICEKUSH COMPANY (a California corporation) was incorporated, with Alfredo Maximiliano as the sole listed officer (CEO, CFO, Secretary, Director). This corporation's name also features Plaintiff's mark and appears to have been created to pursue a similar business purpose.

6. Jaime and Alfredo have likely created or used additional entities or fictitious business names containing "VeniceKush" or confusingly similar terms (for example, VeniceKush Collective, Venice Kush LA, etc.), as well as aligning with existing companies like LA CBD LLC or American Cannabis Company to bolster their operations. All such entities are part of Defendants' network for exploiting the VeniceKush mark.

**Operation of VeniceKush Stores and Ventures**: Using the entities above, Jaime (with Alfredo's help and Randy's funding) opened and operated retail ventures under the VeniceKush name in Venice Beach. After Plaintiff was ousted from 1313 Ocean Front Walk, Jaime moved into that location. He proceeded to run a store there branded as "American Cannabis Company", selling VeniceKush products to the public using signage, logos, and branding

virtually identical to Plaintiff's original store. Customers and the general public, seeing the VeniceKush name on hats, clothing, and CBD at the same store location, naturally assumed this business was a continuation of or affiliated with Plaintiff's legitimate VeniceKush brand, when in fact it was a pirated copy run by Jaime. This caused immediate confusion and damage to Plaintiff – not only did Plaintiff lose his store presence, but the goodwill he built was being diverted to Jaime's infringing store.

**False Claims of Origin**: Jaime's conduct also involved false advertising or representations about the origin of the VeniceKush brand. Jaime has explicitly claimed to others that he is the creator or originator of VeniceKush. For instance, Jaime and those working with him have told customers, vendors, and even legal tribunals that VeniceKush was his brand or that he was behind it from the start. These statements are patently false. Plaintiff – not Jaime – originated the brand, and any products or business offered by Jaime under the VeniceKush name are not authorized by Plaintiff. Such misrepresentations by Jaime constitute false designation of origin and false descriptions, as they mislead the public about the source and history of the goods/services offered under the mark. Defendants use Plaintiff's mark in commerce in a manner likely to confuse consumers into believing Defendants' products are associated with or endorsed by Plaintiff.

**Larry's Breach of Lease and Assistance**: Defendant Lawrence "Larry" Gutin played a pivotal role in enabling Jaime's takeover of the physical store location and thereby the brand's public presence. As alleged, Plaintiff had a lease for the VeniceKush store at 1313 Ocean Front Walk. (Exhibit 08 - Lease Agreement between Hugo Moreno and Ocean Blue Ventures, Inc. for 1313 Ocean Front Walk (June 1, 2018–Sept 30, 2020)) In mid-2018, after the VeniceKush brand had gained significant popularity at that location, Larry invoked a reason to suspend the lease (earthquake retrofitting). (Exhibit 09 - Letter dated September 3, 2018 from Larry Gutin / Ocean Blue Ventures regarding alleged "Earthquake Retrofitting") Believing the landlord's representation, Plaintiff vacated the premises with the agreement that Plaintiff would return after to continue operations. It later became evident that instead, after a short interval, Larry allowed Jaime to occupy the space thereby breaching the lease agreement. By approximately late 2019, Jaime was selling VeniceKush-branded merchandise out of the same store. Larry's actions, other than the breach of the lease agreement was fraud and conspiracy against the Plaintiff. His motivation (upon information and belief as told to Plaintiff by Desi Martin Haugaard) was to assist Jaime – possibly in exchange for a financial interest

or partnership in Jaime's venture. Indeed, Larry is effectively a partner/investor with Jaime; his company Ocean Blue Ventures, Inc. was not only a party to the lease agreement but may have taken an ownership stake or profit-sharing arrangement in the VeniceKush infringement operations. In so doing, Larry knowingly facilitated the trademark infringement and unfair competition, making him liable as a contributory infringer and co-conspirator.

**Randy's Funding and Failed Defense:** Defendant Randy Orozco was another crucial supporter of Jaime's enterprise. Randy provided initial capital that allowed Jaime to form the new entities and stock Jaimes operations with inventory. Additionally, when Plaintiff challenged Jaime's unauthorized use of the mark (Exhibit 10 - Letter from Randolph Jesus Bernard Orozco (Randy) responding to Notice of Infringement (January 2020)), Randy attempted defend the use. On information and knowledge, Randy was involved in a trademark administrative proceeding held by the Plaintiff where he argued that Jaime's group had the right to use VeniceKush. This "back and forth" ended with Randy's position being rejected and Jaime's side losing that contest, confirming that Plaintiff's rights were superior. Despite that outcome, Randy continued to back Jaime financially and otherwise, showing a willful disregard for Plaintiff's rights. Randy's continued funding after losing an administrative challenge underscores the willfulness of the infringement – Defendants persisted even once it was clear they were in the wrong.

**Alfredo's Active Role:** Defendant Alfredo Maximiliano's involvement goes beyond mere paperwork. As an officer of the infringing corporations, Alfredo has been instrumental in day-to-day operations of the VeniceKush businesses. Alfredo presumably handles administrative tasks, banking, licensing, and other formalities for Jaime's venture, allowing Jaime to focus on marketing and outward claims. For example, Alfredo's address (1014 Broadway Unit 936, Santa Monica) is used as the business mailing address for VeniceKush Company, suggesting he manages business correspondence. Alfredo's name appears on official records, effectively obscuring Jaime's direct involvement at times (perhaps to shield Jaime). However, Alfredo acts at the direction of or in concert with Jaime. He has personally engaged in the infringing use of the mark by, inter alia, signing documents on behalf of "VeniceKush" entities, representing himself to third parties as affiliated with a legitimate VeniceKush company, and possibly handling infringing products. Alfredo's knowledge of Plaintiff's prior rights is evident given the discussions held with Larry and Jaime; Alfredo was not an unwitting participant but a proactive partner "in crime" as described by Plaintiff.

**Current Status and John Doe Defendants:** Defendants Jaime and Alfredo have recently announced or opened a new VeniceKush location (in addition to the 1701 Ocean Front Walk store being leased by VENICEKUSH BRAND # 4784444). Upon information and belief, this expansion to 1827 Ocean Front Walk is backed by a new investor or group of investors (identified here as Does 1-10). In 2024, Plaintiff became aware, at a gathering called Locals Night Out held on the boardwalk, that Jaime was launching another VeniceKush-branded retail outlet and possibly an expanded product line. Plaintiff sent a Cease and Desist letter to the known address of this new operation, warning that any continued use of VeniceKush infringes Plaintiff's rights(Exhibit 14 - Cease and Desist Letter sent to 1827 Ocean Front Walk, Venice Beach, CA (August 2025)). Despite this notice, Defendants have not ceased. The involvement of Does 1-10 (whose identities are currently unknown to Plaintiff) is believed to provide additional funding or business infrastructure, allowing Jaime's infringing business to grow. These Doe Defendants, once identified, will be added and held accountable as proper parties to this suit.

**Harm to Plaintiff:** Defendants' actions have caused and continue to cause severe harm to Plaintiff. Such harm includes:

1.  **Loss of Control and Goodwill**: Plaintiff is no longer in control of the brand narrative and reputation, as Defendants are trading off the VeniceKush name in a manner Plaintiff cannot supervise. Any poor-quality products or negative customer experiences at Defendants' VeniceKush stores are wrongly attributed to Plaintiff, damaging the brand's reputation that Plaintiff carefully built.

2.  **Consumer Confusion:** There is widespread actual confusion and/or likelihood of confusion among consumers. Many assume that Plaintiff is associated with or has licensed Defendants' VeniceKush businesses, or that Plaintiff's original store was somehow replaced by a rebranded venture of his own. In reality, consumers are misled into doing business with Defendants under the false belief that they are dealing with the authentic VeniceKush originator. This confusion is precisely the kind of harm the trademark laws are designed to prevent.

3.  **Diversion of Business and Profits:** Defendants have usurped sales that would have gone to Plaintiff. Every item of clothing or merchandise sold by Defendants under VeniceKush is a lost sale for Plaintiff's genuine brand. Defendants are effectively siphoning off the goodwill and customer base Plaintiff cultivated.

This has resulted in significant economic loss to Plaintiff, including lost profits, investment losses, diminished brand value, and the expense of combating the infringement.

4. **Dilution and Tarnishment:** Although VeniceKush may not (yet) be a nationally famous mark, Defendants' actions within the relevant market are diluting the distinct association of the mark with Plaintiff. Furthermore, any unsavory conduct by Defendants (such as possible violations of cannabis regulations or poor business practices) could tarnish the VeniceKush name, further harming Plaintiff.

5. **Emotional Distress and Business Disruption:** As a small business owner who poured personal effort into VeniceKush, Plaintiff has suffered distress and disruption from these events – being forced out of his store, seeing his brother and associates wrongly claim credit for his work, and engaging in prolonged disputes (including prior litigation) to try to reclaim his rights.

**Plaintiff's Efforts to Resolve & Defendants' Willfulness:** Plaintiff did not sit idle. Over the years since 2015, Plaintiff has repeatedly objected to Defendants' actions:

1. Plaintiff had direct conversations and communications with Jaime, urging him to stop using the VeniceKush mark and to respect the ownership of the brand. These pleas were ignored.

2. Plaintiff also put Larry on notice multiple times that the VeniceKush brand was not Jaime's to use. Despite acknowledging this in conversations, Larry still assisted Jaime, demonstrating willful infringement and bad faith.

3. Formal legal actions were taken. Plaintiff engaged in litigation against Defendants (including a lawsuit in California state court in 2021, which was briefly removed to federal court as a trademark case before being remanded). In that action, Plaintiff (as Defendant/Counter-Claimant) asserted his trademark rights, and Defendants (as Plaintiffs/Counter-Defendants) were made fully aware that their conduct was unlawful. The fact that Jaime and his co-plaintiffs initiated that 2021 lawsuit shows an audacious attempt on their part to secure a legal declaration of rights, but their case did not succeed and was dismissed for failure to prosecute, leaving Plaintiff's rights intact.

4. Plaintiff has sent cease-and-desist notices, as mentioned, including the recent one to the new VeniceKush location investors. Yet Defendants persist.

5. The infringement by Defendants is clearly willful. They have actual knowledge of Plaintiff's trademark (especially after the USPTO registration issued) and nonetheless continue to use VeniceKush without authorization. This case qualifies as an "exceptional" case of deliberate infringement.

**Joint Conduct and Conspiracy:** At all relevant times, each of the Defendants was acting in concert with, and with the knowledge and approval of, the others. Jaime, Alfredo, Larry, and Randy formed a combination of two or more persons with the specific intent to accomplish the acts described – namely, to wrest control of the VeniceKush brand and trade on it for their own profit – and they engaged in numerous overt acts in furtherance of that agreement (such as forming entities, transferring a lease, funding a store, etc.). Does 1-10 have since joined in this concerted enterprise. All Defendants benefited from the common plan (Jaime and Alfredo run the business, Larry likely shares in profits or rent, Randy shared in potential profits, and Doe investors stand to gain returns). Therefore, in addition to direct infringement, each Defendant is also liable under principles of contributory liability (for facilitating and materially aiding the infringement) and civil conspiracy. Each Defendant acted as the agent or co-conspirator of each other Defendant in committing the wrongful acts, and all such acts were within the scope of the conspiracy and in furtherance of their joint objectives.

**Summary of Wrongdoing:** In summary, Defendants have, without authorization:

1. Used Plaintiff's registered mark "VeniceKush" (and confusingly similar variations) in commerce, in connection with the sale, offering for sale, distribution, or advertising of goods (including apparel and possibly cannabis-related products), which is likely to cause confusion, mistake, or deception as to the source of those goods.
2. Falsely designated the origin of their goods and business by claiming to be the original creators or rightful owners of VeniceKush, thereby misleading consumers about the affiliation or association between Plaintiff and Defendants.
3. Engaged in unfair methods of competition by using fraud and deception (such as the fake earthquake retrofit claim) to interfere with Plaintiff's business and take over his storefront, as well as by passing off Defendants' goods as if they were Plaintiff's.

4. Willfully conspired together to accomplish the above ends, with full knowledge that their actions violate Plaintiff's rights.

5. Caused damage to Plaintiff's trademark, business reputation, customer relationships, investor relationships, and revenue.

Each of these actions gives rise to specific causes of action under federal and state law, as set forth below.

**Causes of Action**

**Count I: Trademark Infringement (15 U.S.C. § 1114)**

**Trademark Ownership**: Plaintiff realleges and incorporates by reference all preceding paragraphs. Plaintiff is the owner of the federally registered trademark VENICE KUSH® (Reg. No. 6,430,744) for clothing in Class 25. This registration is prima facie evidence of the validity of the mark, Plaintiff's ownership of the mark, and Plaintiff's exclusive right to use the mark in commerce. The mark is distinctive and has acquired secondary meaning associated with Plaintiff as a source of high-quality apparel and lifestyle goods.

**Use in Commerce by Defendants**: Without Plaintiff's consent, Defendants have used and continue to use reproductions, counterfeits, copies, or colorable imitations of the VENICEKUSH mark in commerce in connection with the sale, distribution, and advertising of goods. Specifically, Defendants have used the mark "VeniceKush" (identical to Plaintiff's mark but without a space, and/or the equivalent "Venice Kush" with a space) as part of their business names (e.g., VeniceKush Brand LLC, VeniceKush Company, Venice Kush) and on signage, promotional materials, and merchandise offered for sale. The goods offered by Defendants (such as apparel, accessories, and possibly cannabis-related products) are closely related to or the same types of goods for which Plaintiff's mark is registered and used.

**Likelihood of Confusion:** Defendants' unauthorized use of VeniceKush is likely to cause confusion, mistake, or deception among the consuming public. The consuming public, upon seeing Defendants' store named "VeniceKush" or products labeled with "VeniceKush," would naturally assume that such store or products are affiliated with, sponsored by, or otherwise connected to Plaintiff. This is especially true given that Plaintiff

previously operated a VeniceKush store at the very same location and continues to market VeniceKush-branded apparel. Defendants' use is identical or virtually identical to Plaintiff's mark and thus confusion is inevitable. Actual confusion has already occurred, as evidenced anecdotally by instances of consumers believing Plaintiff's business moved or was re-launched by the same proprietor (when in fact it was taken over by Defendants).

**Infringement of Registered Mark:** Defendants' activities as described constitute trademark infringement in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114). Each Defendant has used Plaintiff's exact registered mark (or a nearly indistinguishable imitation) in commerce, in connection with the sale of goods, without authorization. Such use is likely to cause confusion or mistake or to deceive consumers as to the origin, sponsorship, or approval of Defendants' goods. By engaging in these actions, Defendants have infringed Plaintiff's registered trademark rights.

**Willfulness:** Defendants' infringement has been deliberate, willful, and done with the intent to capitalize on Plaintiff's goodwill. Jaime Moreno, being Plaintiff's brother, had firsthand knowledge of Plaintiff's ownership of the mark from the start. All Defendants were explicitly put on notice of Plaintiff's rights through conversations, cease-and-desist letters, and prior litigation. Despite this knowledge, Defendants continued and even expanded their infringing use. Such willful infringement makes this case exceptional under 15 U.S.C. § 1117(a) and entitles Plaintiff to enhanced remedies (including the possibility of treble damages and an award of attorneys' fees).

**Damage to Plaintiff:** As a direct and proximate result of Defendants' trademark infringement, Plaintiff has suffered, and will continue to suffer, substantial injuries and damages, including loss of sales, loss of profits, loss of goodwill, and damage to the reputation of the VeniceKush brand. Plaintiff is entitled to recover Defendants' profits attributable to the infringement, Plaintiff's actual damages, and the costs of this action, under 15 U.S.C. § 1117(a). In the alternative, Plaintiff elects for statutory damages. (for example, if any of Defendants' use is deemed to be use of a counterfeit mark as defined by 15 U.S.C. § 1117(c), although Plaintiff presently pleads actual confusion and willful infringement).

**Injunctive Relief:** Monetary relief alone is not sufficient to address the ongoing harm. Plaintiff has no adequate remedy at law because the continuing infringement causes irreparable harm to Plaintiff's business and goodwill. Pursuant to 15 U.S.C. § 1116, Plaintiff is entitled to a permanent injunction prohibiting Defendants and all those in active concert or participation with them from using the VeniceKush mark (or any mark confusingly similar to VeniceKush) in connection with any goods or services, and from falsely representing or suggesting that any of their businesses or products are affiliated with Plaintiff. If an injunction is not issued, Defendants' unlawful use of the mark is likely to continue, causing further irreparable harm to Plaintiff and confusion among the public.

### Count II: False Designation of Origin & Unfair Competition (15 U.S.C. § 1125(a))

Plaintiff realleges and incorporates by reference all preceding paragraphs. This Count is brought under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) for false designation of origin, passing off, and unfair competition.

**False Designation and Misrepresentation:** Defendants have used the VeniceKush mark and name in interstate commerce in a manner that falsely designates the origin of Defendants' goods and services, and falsely and misleadingly describes or represents facts about Defendants' goods, services, or commercial activities. Specifically, Defendants' use of "VeniceKush" to promote their store and products, coupled with Jaime's claims that he is the creator of VeniceKush, constitutes a false designation of origin. It suggests that Defendants' store/products originate from or are endorsed by the original VeniceKush source (Plaintiff), which is untrue. Moreover, any statements by Defendants in advertising or online that imply a heritage or founding of the brand are literally false or, at minimum, misleading to consumers.

**Elements of Passing Off:** Defendants' conduct amounts to passing off. Jaime and the other Defendants have passed off their products as those of Plaintiff by using an identical brand name. Consumers are likely to believe that Defendants' VeniceKush-branded apparel or other products are in fact Plaintiff's products or are produced under Plaintiff's authorization, given the strength of the name and the continuity of business location. This is classic unfair competition under the Lanham Act.

**Likelihood of Confusion (reiterated):** The factors establishing confusion for the infringement claim (Count I) are reiterated here. The mark used by Defendants is identical to Plaintiff's mark; the goods are overlapping; the marketing channels (retail store, merchandise sales) are the same location and similar venues; and the targeted consumer base (Venice Beach visitors and cannabis culture enthusiasts) is identical. Defendants intentionally chose the mark knowing of Plaintiff's prior use, which in itself is probative of likely confusion. Indeed, actual confusion has been demonstrated or is very likely. Therefore, Defendants' actions violate 15 U.S.C. § 1125(a)(1)(A) (false designation likely to cause confusion as to affiliation or origin).

**False or Misleading Descriptions:** Additionally or alternatively, Defendants have made false or misleading descriptions or representations of fact in commerce about the nature, characteristics, or origin of their and Plaintiff's goods. Jaime's public assertions that he is the originator of VeniceKush are factual claims about the origin of the brand, which are false. If Defendants, in any business materials or social media, have claimed a founding date or brand story that credits Jaime or anyone other than Hugo Moreno as the creator, those statements are false descriptions that harm Plaintiff's reputation and strip him of credit. Such statements influence consumers' purchasing decisions under false pretenses, constituting a violation of 15 U.S.C. § 1125(a)(1)(B).

**Damage and Causation:** Defendants' false designations and representations have caused Plaintiff injury, including all the types of harm detailed earlier: loss of control over reputation, diversion of sales, dilution of goodwill, etc. Consumers who are misled may choose Defendants' products believing they support Plaintiff's brand, thereby taking business away from Plaintiff. Moreover, Plaintiff's ability to expand his own brand or license it legitimately is impaired by the marketplace confusion created by Defendants.

**Willful Violation:** Defendants have acted willfully in making false designations of origin. They knew their representations were false (Jaime undeniably knows he did not create the brand, and the others know it too from communications) yet proceeded to make them to gain competitive advantage. This willfulness entitles Plaintiff to damages, including any profits unjustly earned by Defendants, and to potentially have such damages trebled under the Lanham Act. Plaintiff also is entitled to recover the costs of the action, and because this is an exceptional case of intentional deception, reasonable attorneys' fees under 15 U.S.C. § 1117(a).

**Injunctive Relief:** Plaintiff is entitled to injunctive relief under 15 U.S.C. § 1116(a) to prevent Defendants from continuing to misrepresent the origin of their goods and services. This includes an order barring Defendants from using the VeniceKush name or any confusingly similar designation, and from claiming any founding or creator status that is false. Without such relief, the false narrative propagated by Defendants will persist, irreparably harming Plaintiff and confusing the public.

### Count III: Contributory and Vicarious Trademark Infringement (Common Law/Lanham Act)

Plaintiff realleges and incorporates by reference all preceding paragraphs. In addition to direct infringement, certain Defendants are liable for contributory and/or vicarious trademark infringement for their roles in supporting, enabling, and profiting from the infringement of the VeniceKush mark.

**Contributory Infringement:** Under established principles of trademark law, a party is liable for contributory infringement if it (a) intentionally induces another to infringe a trademark, or (b) continues to supply a product or service to another when it knows or has reason to know the other is engaging in trademark infringement. In this case:

1. Defendant Lawrence Gutin (Larry) is liable for contributory infringement because he provided a critical service – the leased premises (1313 Ocean Front Walk) – to Jaime knowing that he would use it to promote VeniceKush products in violation of Plaintiff's rights. Larry not only knew of the infringement, he actively induced it by suspending Plaintiff's business with a promise for return and then turning over the location to Jaime for the infringing use. By facilitating the storefront and likely continuing as the landlord reaping rent from the infringing business, Larry materially contributed to the infringement. Without that location and Larry's cooperation, Defendants' ability to confuse the public would have been significantly curtailed.

2. Defendant Randolph "Randy" Orozco is liable for contributory infringement because he financed and enabled Jaime's operations. By providing funding, Randy supplied the "means" for infringement (inventory, capital for entity formation, etc.) with actual knowledge that Jaime was going to use the money to infringe the VeniceKush mark (Randy had been made aware of Plaintiff's objections and even participated(Exhibit 10 - Letter from Randolph Jesus Bernard Orozco (Randy) responding to Notice of Infringement (January

2020)). Financing a known infringer, with the expectation of sharing profits, constitutes inducement and continuation of support for that infringement.

3. Defendant Alfredo Maximiliano, to the extent he might argue he didn't directly sell goods, is also contributorily liable. Alfredo managed corporate entities, signed filings, and lent his name and address to the enterprise fully aware that the enterprise's core business was the unauthorized use of VeniceKush. Alfredo's administrative and managerial support was integral to allowing the infringement to occur at scale (for example, handling licensing or banking for the store). Thus, Alfredo either directly infringed (through the companies) or at minimum contributed to Jaime's direct infringement.

4. Defendant VeniceKush Brand LLC, VeniceKush Company, and Venice Kush (Corp) may likewise be considered to facilitate each other's infringement (for instance, if one entity holds assets like a lease and another sells products, etc.). However, their roles are largely direct infringement as corporate alter egos of the individual defendants.

**Vicarious Infringement:** Additionally, Defendants are so closely working in concert that they may be held vicariously liable for each other's infringing acts. Jaime, Alfredo, Larry, and Randy formed a partnership (even if informal) to exploit the VeniceKush mark. Under the doctrine of vicarious liability in trademark, when parties have an apparent or actual partnership and each has the ability to control the infringing conduct of the other and share in the profits, each can be held liable for the other's infringement. Here:

1. Jaime and Alfredo, as business partners, share control over the VeniceKush enterprise (Jaime being the frontman, Alfredo handling corporate duties) and share in profits. Therefore, each is vicariously liable for the acts of infringement by the other.

2. Larry, by virtue of his likely profit-sharing or at least his critical role in the venture (perhaps as a silent partner taking a cut of store revenue tied to the use of the brand), has a partnership or joint enterprise with Jaime. If evidence shows Larry had authority or control (e.g., conditions in allowing the store, or continuing involvement through Ocean Blue Ventures, Inc.), he too could be deemed a partner in the infringing business and thus vicariously liable for all infringement done by that business.

3. Randy's role as an investor expecting returns similarly could make him a joint venturer in the business. If Randy had some control rights or decision-making power (for instance, many investors get some oversight or at least the ability to influence major business decisions), then Randy shares vicarious liability for the trademark violations carried out by the business he funded.

4. The exact contours of each Defendant's relationships will be fleshed out in discovery, but at a minimum, Jaime, Alfredo, Larry, and Randy acted as a unified business team—essentially partners in an unregistered partnership (or members of a joint venture) to exploit VeniceKush. All were instrumental, and all benefited.

**Knowledge and Intent:** All contributory/vicariously liable Defendants identified above had full knowledge of the primary infringement and manifested the intent to participate in and profit from it. Their actions were not peripheral or accidental; they were calculated and essential to the infringement's success. For example, Larry's deceit in ending Plaintiff's lease can only be understood as a willful act to aid Jaime. Randy's defense of the use and continued funding after losing administratively demonstrates intent to infringe regardless of legality. Alfredo's assumption of corporate officer roles for a blatantly infringing entity shows deliberate involvement.

**Joint and Several Liability:** As a result of the contributory and vicarious liability, each Defendant should be held jointly and severally liable for the full extent of the damages caused by the trademark infringement. In other words, Plaintiff can recover the total damages from any one of the Defendants or any combination, as they collectively contributed to the harm.

**Remedies:** The remedies for contributory/vicarious infringement overlap with those for direct infringement under the Lanham Act. Plaintiff is entitled to damages (actual damages and/or disgorgement of profits) from each Defendant that contributed to or benefited from the infringement. Plaintiff is also entitled to injunctive relief against those Defendants to restrain them from aiding, facilitating, or participating in any further use of the VeniceKush mark. For instance, an injunction should bar Larry from leasing or otherwise providing premises for infringing operations, and bar Randy from funding or financially assisting any business using the VeniceKush mark without Plaintiff's permission. The willful and malicious nature of the Defendants' concerted actions further justifies awarding attorneys' fees and potentially punitive or enhanced damages as allowed.

<u>**Count IV: Unfair Competition Under California Law**</u>

<u>**(Cal. Bus. & Prof. Code §17200 et seq. and Common Law)**</u>

Plaintiff realleges and incorporates by reference all preceding paragraphs. This Count is pleaded in the alternative and in addition to the Lanham Act claims, under California's statutory and common law unfair competition provisions.

**Unlawful, Unfair, and Fraudulent Business Acts:** Defendants' conduct, as described above, constitutes unfair competition in violation of California Business and Professions Code § 17200 et seq. ("UCL"). The UCL prohibits any business act or practice that is unlawful, unfair or fraudulent. In this case, Defendants' actions satisfy all three prongs:

1. Unlawful: Defendants have engaged in unlawful acts by violating federal trademark law (Lanham Act) and by committing other state-law violations (such as trademark infringement under California common law, fraud, breach of contract, etc.). Each of these violations of law serves as a predicate "unlawful" act under §17200. Thus, Defendants, by infringing Plaintiff's trademark and by violating Plaintiff's rights through deception (e.g., fraudulent lease termination), have engaged in unlawful business practices.

2. Unfair: Defendants' practices are unfair in that they offend established public policy and are unethical, unscrupulous, and substantially injurious to consumers and competitors. Stealing a business's brand and goodwill through trickery and operating a confusingly similar business to divert customers is the epitome of unfair competition. The harm to Plaintiff (a competitor in the sense of offering goods in the same market) is significant and outweighs any legitimate benefit Defendants could claim. There is no valid business justification for Defendants' behavior; the sole motive was to capitalize on Plaintiff's efforts without permission.

3. Fraudulent: Defendants' acts are fraudulent in that they are likely to deceive members of the public. Consumers are deceived into thinking Defendants' store is actually Plaintiff's or affiliated with Plaintiff. Additionally, Defendants, by using the false pretense of earthquake retrofitting to evict Plaintiff, engaged in actual fraud. That deceitful statement was made in a business context (a commercial lease) and caused Plaintiff to lose his storefront. Misrepresenting the reason for terminating a business lease, with the hidden

1    agenda to take over the business, is a fraudulent business act. Furthermore, Jaime's and others' false

2    representations of brand ownership are frauds on the public and the industry.

3

4    **Common Law Unfair Competition/Passing Off:** Independently, Defendants' conduct constitutes

5    common law unfair competition in California, which largely overlaps with the tort of passing off and

6    misappropriation of business value. By passing off their goods as Plaintiff's and by appropriating Plaintiff's trade

7    name and goodwill, Defendants have committed a common law tort against Plaintiff. California courts recognize

8    claims for wrongful misappropriation of a business name and for causing confusion among customers as actionable

9    unfair competition even apart from statutory law. Plaintiff had established protectable goodwill in the VeniceKush

10   name, and Defendants wrongfully took that value for themselves.

11

12   **Damages (UCL/Common Law):** As a direct and proximate result of Defendants' unfair competition,

13   Plaintiff has suffered economic injury. Plaintiff lost revenue from his VeniceKush business due to Defendants'

14   actions and incurred expenses attempting to address the confusion and retrieve his brand. Under §17200, Plaintiff

15   may seek restitution of any monies or benefits that Defendants unfairly obtained from Plaintiff. This could include

16   disgorgement of profits earned by Defendants from sales under the VeniceKush name, to the extent necessary to

17   prevent unjust enrichment. Plaintiff also seeks damages under the common law for the tortious unfair competition,

18   including but not limited to lost profits, loss of business value, and reputational harm. Additionally, Larry's

19   fraudulent termination of the lease caused Plaintiff to lose the remainder of his leasehold (an asset of economic

20   value) and the investments made in that location; those losses are recoverable as damages under common law fraud

21   or breach of contract theories, which are encompassed by the unfair competition claim.

22

23   **Injunctive Relief (UCL):** Plaintiff is entitled to injunctive relief under California Business & Professions

24   Code §17203. The injunctive relief sought under the Lanham Act (as described in prior counts) is equally

25   appropriate under the UCL, as it will serve to enjoin the unfair competition. Specifically, Defendants should be

26   enjoined from (a) using the VeniceKush name or mark in any capacity in California, (b) engaging in any further acts

27   of deception to misappropriate business assets, and (c) continuing any enterprise whose identity is derived from

28   Plaintiff's VeniceKush brand. The Court's broad equitable powers under the UCL also permit orders to restore to

Plaintiff any goodwill and business opportunity that can be restored – for example, an order that Defendants remove all VeniceKush signage and branding and perhaps notify consumers that they are not associated with Plaintiff.

**Attorneys' Fees and Punitive Damages:** While the UCL itself does not provide for damages or attorneys' fees, Plaintiff's common law claims (such as fraud and unfair competition) do allow for punitive damages and fee-shifting where appropriate. Defendants' conduct was malicious, oppressive, and fraudulent, justifying an award of punitive damages to punish and deter such conduct. Furthermore, pursuant to California Code of Civil Procedure §1021.5 (the private attorney general doctrine), Plaintiff may seek attorneys' fees given that enforcement of trademark and anti-fraud laws against this scheme confers a benefit to the public by halting deceptive practices. In any event, the willful nature of the conduct also supports awarding fees under the Lanham Act counts, which would cover the same litigation effort.

## Count V: Civil Conspiracy (California Common Law)

Plaintiff realleges and incorporates all preceding paragraphs. This Count asserts a civil conspiracy among the Defendants to commit the wrongful acts described above (including trademark infringement, unfair competition, and fraud).

**Agreement and Common Plan:** As detailed, Defendants entered into an agreement and understanding—explicit or tacit—to work together to unlawfully exploit the VeniceKush brand. Jaime Moreno acted as the ringleader who stood to benefit as the "owner" of the misappropriated brand. Alfredo Maximiliano agreed to assist by managing corporate and operational aspects. Lawrence Gutin agreed to assist by removing Plaintiff from the business location and providing it to Jaime, despite knowing it was wrongful. Randolph Orozco agreed to assist by financing and by attempting to legitimize the scheme in legal forums. Does 1-10 (the new investor group) later joined this common plan by providing further support with knowledge of the ongoing dispute. All these parties had a meeting of the minds regarding the essential objective: take Plaintiff's VeniceKush brand and business and convert it to their own use, disregarding Plaintiff's rights.

**Overt Acts:** In furtherance of the conspiracy, Defendants committed numerous overt acts, including but not limited to:

1. Filing business registration documents for VeniceKush Brand LLC, VeniceKush Company, and Venice Kush corp, to create a legal façade for the enterprise.
2. Drafting and delivering the earthquake retrofit letter (Larry's act) to suspend Plaintiff's lease to allow Jaime to thereafter to occupy the space.
3. Moving into 1313 Ocean Front Walk and opening a hub for VeniceKush products and services with Plaintiff's branding (Jaime and Alfredo's act, with Larry's cooperation).
4. Producing, advertising, and selling merchandise under the VeniceKush name (Jaime and Alfredo's acts, financed by Randy).
5. Representing to customers and third parties that their business was "VeniceKush" and implying continuity from Plaintiff's operation (collective acts of all, especially Jaime).
6. Opposing or responding to Plaintiff's attempts to reclaim the brand (Randy's involvement in administrative proceedings, Jaime and others' filing of a lawsuit in 2021 in an attempt to gain an upper hand and filing of Trademark Opposition and Cancelation proceedings with the USTPO).
7. Securing new investment and planning expansion under the infringing brand even after formal cease and desist notices (indicative of continuing conspiracy with Does 1-10).
8. Each of these acts was undertaken by one or more Defendants in furtherance of the conspiracy's goal.

**Underlying Wrongful Acts:** The conspiracy was to commit tortious and unlawful acts. As pleaded in prior counts, the underlying acts include trademark infringement (a tort and statutory violation), unfair competition, and fraud. Each Defendant is therefore liable for those underlying acts even if a particular Defendant did not personally carry out every act. Under conspiracy liability, all co-conspirators are legally responsible for the torts committed by any one of them in furtherance of the conspiracy.

**Knowledge and Intent:** Defendants had knowledge that the acts they agreed to were wrongful. Jaime, knowing the Plaintiff, knew he did not have rights to the mark. All Defendants knew Plaintiff objected. The secrecy

and deceit (e.g., the false letter) show an understanding that their conduct was not legal. Yet they proceeded with the intent to harm Plaintiff (or at least with a willful disregard of the substantial certainty of harm to Plaintiff). The conspiracy was thus carried out with malice and fraud.

**Damages from Conspiracy:** As a proximate result of the conspiracy and the acts done in furtherance of it, Plaintiff suffered the damages previously described (loss of business, profits, goodwill, etc.). The conspiracy magnified the harm because it combined resources and efforts to make the infringement more effective than any one person could have done alone. For instance, without conspiracy, Jaime alone might not have been able to displace Plaintiff; it was the combined effort (Larry's building, Randy's money, Alfredo's management) that fully caused Plaintiff's loss. Therefore, each conspirator is jointly and severally liable for the entirety of Plaintiff's damages resulting from the collective scheme.

**Punitive Damages:** Under California law, conspiracy to commit fraud or other intentional torts supports an award of punitive damages. Here, the manner in which Defendants conspired – involving clear deceit and conscious wrongdoing – warrants punitive damages to punish each of them. Plaintiff seeks an award of exemplary damages against each Defendant commensurate with their level of involvement and the need to deter such collusive wrongful conduct in the future.

## Prayer for Relief

WHEREFORE, Plaintiff prays that the Court enter judgment in his favor and against all Defendants, jointly and severally, and grant the following relief:

**A. Injunctive Relief:** A permanent injunction enjoining Defendants, their officers, agents, servants, employees, and all persons acting in concert or participation with them, from:

1.  Using the VeniceKush name, or any mark confusingly similar to VENICE KUSH, in connection with the advertising, offering for sale, or sale of any goods or services, including but not limited to retail store services, apparel, or cannabis-related products;

2.  **Nationwide Scope of Injunction and Declaratory Relief:** That the injunctive and declaratory relief granted by this Court apply on a nationwide basis, permanently enjoining Defendants, their officers, agents, employees, partners, successors, assigns, and all persons acting in concert with them from using, reproducing, advertising, displaying, or selling any goods or services under the name "VeniceKush" or any mark confusingly similar thereto, in any form of commerce within the United States or its territories.

3.  Such relief is necessary to prevent ongoing consumer confusion, counterfeiting, and dilution of Plaintiff's federally registered trademark, which enjoys nationwide priority under 15 U.S.C. § 1072.

4.  Representing or implying in any way that Defendants or their businesses are affiliated with, sponsored by, or associated with Plaintiff or Plaintiff's VeniceKush brand;

5.  Continuing operation of any business under the name "VeniceKush," "Venice Kush," or any variant thereof, and requiring Defendants to promptly remove and destroy all signs, banners, promotional materials, merchandise, labels, business cards, websites, social media accounts, or any other materials that bear the VeniceKush mark or any imitation thereof;

6.  Assisting, aiding, or abetting any other person or entity in engaging in or performing any of the activities referred to in paragraphs 1–3 above.

**B. Transfer of Domain/Accounts (if applicable):** An order requiring Defendants to transfer to Plaintiff any internet domain names, social media handles, or other online identifiers under their control that incorporate "VeniceKush" or any confusingly similar term.

**C. Destructive Relief:** An order pursuant to 15 U.S.C. § 1118 requiring Defendants to deliver up for destruction all products, labels, signs, prints, packages, wrappers, receptacles, and advertisements in their possession or control that bear the VeniceKush mark or any reproduction, counterfeit, copy, or colorable imitation thereof, as well as all plates, molds, matrices, and other means of making the same.

**D. Damages:** An award of monetary damages, including:

1. **Defendants' Profits:** All of Defendants' profits or gains of any kind that are attributable to their infringement and unlawful conduct, to be determined at trial and disgorged to Plaintiff.

2. **Actual Damages:** Plaintiff's actual damages, including but not limited to the loss of sales, loss of licensing fees, damage to goodwill, and losses from the closing of Plaintiff's store, in an amount to be proven at trial.

3. **Treble Damages:** Treble damages or enhanced damages as permitted under 15 U.S.C. § 1117(b) due to Defendants' willful and knowing infringement, and as permitted under California law for oppression, fraud, or malice (Civil Code § 3294).

4. **Statutory Damages:** Statutory damages pursuant to 15 U.S.C. § 1117(c) for use of a counterfeit mark, if the court deems Defendants' use to fall under that category (particularly if any goods bore an identical VeniceKush mark without authorization).

5. **Restitution:** Restitutionary disgorgement under California Business & Professions Code § 17203 of all amounts by which Defendants were unjustly enriched at Plaintiff's expense, including profits from sales and any increase in value of Defendants' business attributable to the misappropriated brand.

**E. Punitive Damages:** An award of punitive and exemplary damages against Defendants in an amount sufficient to punish their malicious, fraudulent, and oppressive conduct and to deter such conduct in the future.

**F. Attorneys' Fees and Costs:** An award of Plaintiff's reasonable attorneys' fees and the costs of this action. This is warranted under 15 U.S.C. § 1117(a) given the exceptional nature of the case (willful infringement), and under California law (including but not limited to Cal. Code Civ. Proc. § 1021.5 or as damages for fraud). Plaintiff also seeks recovery of all costs, including investigative costs and expert witness fees as applicable.

**G. Pre- and Post-Judgment Interest:** An award of pre-judgment interest on all monetary awards from the date the harm occurred, and post-judgment interest at the highest lawful rate until paid, to compensate Plaintiff for the loss of use of money due as a result of Defendants' wrongful conduct.

**H. Order to California Secretary of State for Cancellation of State Trademark Registrations:**
Issue an Order directing the California Secretary of State, Business Programs Division – Trademark Unit, to cancel and remove from its records all state trademark registrations and filings associated with "VeniceKush," "Venice Kush," "VeniceKush Brand," "VeniceKush Brand LLC," "VeniceKush Company," or any substantially similar name or mark held or filed by Defendant Jaime Moreno, or by any entity acting under his authority, including but not limited to Entity Nos. 4784346, 4784444, and 4645873.

This relief is requested pursuant to the Court's equitable powers under 15 U.S.C. §§ 1116–1118, 28 U.S.C. § 2202, and the All Writs Act (28 U.S.C. § 1651), to enforce the judgments and findings of prior

proceedings (including TTAB Opp. No. 91233735, TTAB Canc. No. 92079978, LASC Case Nos. 18VESC03883 and 21STCV32310) and to effectuate this Court's injunction against continued misuse and counterfeiting of Plaintiff's federally registered trademark.

Plaintiff previously sought administrative correction from the Secretary of State, but the office has indicated that a court order is required to cancel these fraudulent and conflicting registrations; therefore, such an order is now requested as part of the injunctive relief in this action.

**I. Any Further Relief:** Such other and further relief as the Court deems just and proper, including but not limited to corrective advertising at Defendants' expense, an order for cancelation of Defendants' California State Trademark permanently or any other equitable measures to restore Plaintiff as the true source of the VeniceKush brand in the eyes of the public.

Dated October 19th, 2025

Respectfully Presented,

Hugo Moreno
Plaintiff, In Propria Persona

## VERIFICATION

I, Hugo Moreno, am the Plaintiff in the foregoing Verified Complaint. I have read the Verified Complaint and know the contents thereof. The factual allegations contained in the Verified Complaint are true and correct to the best of my knowledge, information, and belief, formed after reasonable inquiry. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed this 29 day of OCT, 2025, at Los Angeles, California.

Hugo Moreno
Plaintiff, In Propria Persona